UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:15-CR-189 |
| v. | (MARIANI, J.) |
| | (SAPORITO, M.J.) |
| RHASHEAN STRANGE, | |
| Defendant. | |

# MEMORANDUM

This matter is before the court on the motion for reopening of detention hearing and release (Doc. 1297) filed by the defendant, Rhashean Strange.

Strange, who is currently awaiting sentencing, seeks his release from custody pending sentencing based on prison conditions at the Lackawanna County Prison (LCP) and the inherent risk posed by his being confined in close quarters to a large number of other inmates during the COVID-19 global pandemic. In his motion, Strange has certified that the assigned assistant United States attorney does not concur in his motion. (Doc. 1297-1). Defense counsel filed a notice indicating that the parties have been unable to resolve the motion. (Doc. 1300). Strange filed a brief in support of his motion (Doc. 1298) and the

government filed a brief in opposition to the defendant's motion. (Doc. 1299). The matter is ripe for a decision.

I. ***Statement of Facts***

A federal grand jury indicted Strange on September 8, 2015, charging him with six counts in a multi-count indictment, including: conspiracy to unlawfully distribute and possess with intent to distribute in excess of 1 kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and using, possessing, and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The indictment also contained a forfeiture allegation. On September 11, 2015, he appeared before the undersigned United States magistrate judge for an initial appearance and arraignment where he pled not guilty to the charges. At that time, he waived his right to a detention hearing without prejudice to requesting a detention hearing at a later date. (Doc. 26). On September 25, 2015, Strange moved the court for a detention hearing, which the late Honorable James M. Munley scheduled for October 7, 2015. (Doc. 48; Doc. 49). On October 1, 2015, Strange filed a motion to withdraw his request for a detention hearing because he was

unable to present an adequate release plan at that time. (Doc. 50). He has remained detained since that time at LCP.

On January 12, 2016, Strange pled guilty to Count 1 of the Indictment—conspiracy to unlawfully distribute and possess with intent to distribute in excess of 1 kilogram of heroin in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(A)—pursuant to a written plea agreement. (Doc. 108). For this offense, Strange faces a maximum term of imprisonment of 20 years, a maximum fine of $1,000,000, a maximum term of supervised release of 3 years up to life, plus payment of the costs of prosecution.

The presentence report has been completed and disclosed to the parties. The docket reflects that, over the last four years, there have been several sealed motions to continue the sentencing, all of which have been granted. In his brief, Strange seeks release because of the existence of COVID-19 and the alleged adverse conditions of LCP. (Doc. 1298). He also contends that we should reopen the detention hearing and release him, if only temporarily, due to the health risks associated with his being confined in a large group during the COVID-19 global pandemic. He cites five reasons why his motion should be granted: (1) the risk that he will

flee or pose a danger to the community is low; (2) the danger to the community posed by congregate environments, such as prisons, is substantial; (3) the current limitations on his interactions with counsel are substantial; (4) we should find that his character is more admirable than suggested by the offense, for which he has accepted responsibility, and we should find that his character (supported by six character letters) substantially mitigates against any dangers otherwise associated with release; and (5) we can place conditions on his release, such as electronic monitoring and a third-party custodian, that will ensure the safety of the community and his appearance as required. (*Id.* at 9-14). The government contends that Strange's motion fails to prove "exceptional reasons" to justify a temporary release. For the reasons discussed herein, we will deny Strange's motion.

## II.     Discussion

### a. COVID-19 Global Pandemic

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[1] "COVID-

---

[1] World Health Org., *WHO Characterizes COVID-19 as a Pandemic* (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.

19 is the infectious disease caused by the novel coronavirus." *United States v. Roeder*, ___ Fed. App'x ___, 2020 WL 1545872, at *1 (3d. Cir. Apr. 1, 2020) (per curiam). We are also cognizant that the President of the United States has declared a national emergency and the Governor of Pennsylvania has declared a state of emergency and issued a stay-at-home order through June 4, 2020, for the majority of Pennsylvania counties—including Lackawanna County, where the defendant is detained at LCP. Further, the Governor has ordered all schools to remain closed for the remainder of the 2019-2020 academic school year. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash or sanitize frequently, and to avoid close contact with others—all of which presents challenges in detention facilities. *See Roeder*, 2020 WL 1545872, at *2; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020).

### b. Conditions of LCP

Strange alleges that LCP has placed inmates on lockdown since April 2, 2020, after a LCP staff member tested positive for COVID-19. (Doc. 1298, at 2, 8). He contends generally—not specifically with

reference to LCP—that it is difficult or impossible for inmates to engage in social distancing and self-quarantine precautions as recommended by the Centers for Disease Control and Prevention. There is a high turnover in prisons where new entrants come in daily who may have been exposed to COVID-19 in the surrounding community or other regions. (*Id*. at 4-8). LCP requires lawyers to meet with their clients through glass, forcing almost all communications to be by telephone, which limits the frequency, length, and quality of communications between Strange and his counsel.

The government proffered in its brief that LCP has reported no positive COVID-19 cases among its inmate populations and only one corrections officer tested positive. All inmates were informed and placed on lockdown. We further take judicial notice of recent policies and procedures adopted by LCP to prevent or limit the spread of COVID-19 within the prison. *See Shakur v. Costello*, 230 Fed. App'x 199, 201 (3d Cir. 2007) (per curiam) (taking judicial notice of county prison procedures). Under these new policies and procedures, LCP has suspended contact visits, regular visitation, and visitation from volunteers, including religious leaders. It has implemented aggressive

6

sanitation programs and suspended all programs that utilize "outside" employees. It has prohibited individuals other than prison and medical staff to proceed any further than the reception area. It has limited attorney visits with inmates to meetings through a glass partition in a lawyer visitation room unless written permission is granted by the warden or the deputy warden. It has cancelled all conferences and out-of-county training. It has provided for weekly contact with officials from the state department of corrections. It has posted educational flyers in the blocks and in the reception area. It has also implemented body temperature screening checks for all employees and lawyers as they enter the facility. *United States v. Mendoza*, No. 5:20-mj-00011, 2020 WL 1663361, at *3 & n.4 (M.D. Pa. Apr. 3, 2020).

### c. *18 U.S.C. § 3145(c)—Release Pending Sentencing*

Strange seeks release under 18 U.S.C. § 3145(c), contending that he should be released because of the COVID-19 global pandemic and that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Because Strange has pleaded guilty to a serious drug offense, *see* 18 U.S.C. § 3142(f)(1)(C), his detention in the first instance is governed by

18 U.S.C. § 3143(a)(2), which provides that such a pre-sentence defendant be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2); *see also* Fed. R. Crim. P. 46(c) (placing burden of proof on the defendant).

Strange has proffered no evidence to support a finding that there is a substantial likelihood that motion for acquittal or new trial will be granted—indeed, he has pleaded guilty to a serious drug trafficking offense. *See Leathers*, 2020 WL 2219853, at *2 ("Because Defendant pleaded guilty, there is no likelihood—much less a substantial likelihood—that a motion for acquittal or a new trial will be granted."). Likewise, Strange has proffered no evidence that the government will be recommending no prison time, and in its brief in opposition, the government advises that it plans to recommend that a sentence of imprisonment be imposed. (Doc. 1299, at 9). Moreover, the government

advises that Strange faces a mandatory minimum 10-year prison sentence due to his criminal history. (*Id.* at 13). Consequently, Strange is not eligible for release under § 3143(a)(2).

Instead, Strange relies on § 3145(c), which provides that: "A person subject to detention pursuant to section 3143(a)(2) . . . , who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Williams*, 903 F. Supp. 2d 292, 298–302 (M.D. Pa. 2012) (holding that a district court possesses discretion to consider a temporary release pending sentencing under § 3145(c)); *United States v. Ortiz*, No. 1:18-CR-00134, 2020 WL 1904478, at *3 (M.D. Pa. Apr. 17, 2020) (endorsing *Williams* in the context of COVID-19).

To qualify for temporary release pending sentencing under § 3145(c), a defendant must first satisfy the criteria set forth in § 3143(a)(1). That section provides that the person "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or

9

the community if released." 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) (placing burden of proof on the defendant).

We originally ordered the defendant's detention on September 11, 2015, based on his waiver of a detention hearing. We note that, having pleaded guilty in the interim, the burden of proof has now shifted from the government to the defendant. *Compare* 18 U.S.C. § 3142(f) (imposing burden on government to prove dangerousness by clear and convincing evidence and flight risk by preponderance of the evidence) *with id.* § 3143(a)(1) *and* Fed. R. Crim. P. 46(c) (imposing burden on defendant to prove by clear and convincing evidence that he is not likely to flee or to pose a danger to other persons or the community). Now, after considering the information presented in the motion papers and based on the nature of the offense of conviction, the length of the potential sentence to be imposed, and the strong weight of evidence against the defendant, we find that the defendant has failed to establish, by clear and convincing evidence, that there is any condition or combination of conditions that will reasonably assure the court that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Based on the foregoing, we are not obligated to address the "exceptional reasons" factor in § 3145(c). *See Ortiz*, 2020 WL 1904478, at *5. Nevertheless, under the specific facts presented in this case, we find the health risks posed by the COVID-19 pandemic to this particular defendant do not constitute "exceptional reasons" justifying his temporary release from presentence detention.

In his supporting brief, Strange presents only speculative arguments that his confinement in the LCP increases the health risks posed to him by COVID-19. Other than a single guard who appears to have had no contact with the movant, there have been no confirmed cases of COVID-19 in the LCP. Moreover, LCP has implemented new policies and procedures to protect its population as referenced above. There is no evidence that such measures are, or have been, inadequate. Our court has temporarily continued all live, in-court proceedings through May 31, 2020, which should ameliorate a criminal defendant's concerns about assisting his or her attorney in the preparation of a defense. Any reason for Strange to assist his counsel in his defense is further diminished by the fact that the presentence report in this case has already been completed and apparently reviewed by counsel, and he is merely awaiting

11

the scheduling of sentencing. Further, we are confident that LCP will respect the privileged nature of the communications between attorneys and their inmate-clients, as nothing to the contrary has been alleged or otherwise brought to our attention.

In his brief, Strange states that, if released, he will live with his sister and her husband and their four children in Mahanoy City, Pennsylvania, where his sister would serve as his third-party custodian. He alleges that his sister supervises a group home for mentally challenged adults, and is at her home when off-shift. She has no criminal history; she has no drug or alcohol abuse problems; and she is willing to undertake third-party custodian duties. Nevertheless, we are not inclined to release him at this crucial time in the progression of his case, before his sentencing hearing.

In the absence of any evidence of a medically diagnosed health condition that would increase the risk to Strange posed by COVID-19, or any evidence that LCP is not providing—or is unable to provide—appropriate medical care, we are not persuaded that Strange should be released. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that "the mere existence of COVID-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). While the court remains sympathetic to Strange's subjective concerns regarding the possibility of health complications caused by the COVID-19 virus, "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, Cr. No. 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020); *see also United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) (despite being sympathetic to defendant's medical conditions, including a diagnosis of asthma, speculation concerning possible future conditions in jail does not constitute a "compelling reason" for temporary release.); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at *3 (W.D. Pa. Mar. 29, 2020) (holding that, while the defendant suffered from hypertension, sleep apnea, and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions were not sufficient to establish a compelling reason for release in light of the danger to the community posed by his release and the efforts undertaken at the jail to combat the

13

spread of the virus) (citing *United States v. Davis*, No. 19-1604, 2020 U.S. App. LEXIS 9987 (3d Cir. Mar. 20, 2020)).

The mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying defendant's motion even where at least five inmates had tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Bilbrough*, No. TDC-20-0033, 2020 WL 1694362 (D. Md. Apr. 7, 2020) (affirming magistrate judge's denial of motion by defendant who suffered from diabetes); *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020) (denying a 67-year-old defendant's motion); *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064 (D. Md. Apr. 1, 2020) (denying motion of defendant who suffered from a heart murmur); *United States v. Jefferson*, No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying motion of asthmatic defendant). Thus, we are left to speculate whether Strange's continued incarceration would likely increase his risk of harm. However, mindful of the rapidly evolving conditions in prisons throughout the nation as well as the COVID-19 pandemic, we will

14

entertain a renewed request for release if at some point in the future it becomes clear that there are compelling reasons to justify the defendant's release. *United States v. Sanchez*, No. 1:19-cr-00152, 2020 WL 1814159 *7 (M.D. Pa. Apr. 9, 2020) (citing *United States v. Lee*, No 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020)).

### III.  Conclusion

For the reasons set forth above, Strange has failed to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and he has failed to establish exceptional reasons why his continued detention until sentencing is not appropriate. Therefore, his motion (Doc. 1297) is denied.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*<br>JOSEPH F. SAPORITO, JR.<br>U.S. Magistrate Judge

Dated: May 15, 2020